Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com

Attorneys for Defendant Frontier Airlines, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Garcia and Jerilynn Garcia, husband and wife,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>Frontier Airlines, Inc., a Colorado corporation for profit,<br><br>　　　　　　　　　Defendant. | No. CV-24-02406-PHX-KML<br><br>**Answer of Defendant Frontier Airlines, Inc.** |

Defendant Frontier Airlines, Inc., by and through undersigned counsel, and for its Answer to Plaintiffs' Complaint, hereby admits, denies, and affirmatively alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Defendant admits an incident occurred on a flight from San Francisco, California, to Phoenix, Arizona, on August 1, 2022, and this Court has subject matter jurisdiction over Plaintiffs' claims, but denies the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits the allegations contained Paragraph 2 of Plaintiffs' Complaint.

117535202.1

3. Defendant is without sufficient information or knowledge as to the truth of the matters alleged in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4. Defendant is without sufficient information or knowledge as to the truth of the matters alleged in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5. Defendant admits the allegations contained Paragraph 5 of Plaintiffs' Complaint.

6. Defendant admits the allegations contained Paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits that, in general, it is vicariously responsible for its officers, employees, and agents, within the course and scope of their employment, under the doctrine of respondeat superior. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits that, in general, it is vicariously responsible for its officers, employees, agents, and representatives, within the course and scope of their employment, under the doctrine of respondeat superior. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations contained Paragraph 9 of Plaintiffs' Complaint.

**GENERAL FACTUAL ALLEGATIONS**

10. Defendant admits the allegations contained Paragraph 10 of Plaintiffs' Complaint.

11. Defendant admits the allegations contained Paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that, during the flight, a beverage cart became unsecured and it began to move down the aisle before it was stopped by Plaintiff Richard

2

117535202.1

1  Garcia.  Defendant denies the remaining allegations contained in Paragraph 12 of
2  Plaintiffs' Complaint.
3       13.    Defendant affirmatively alleges that Plaintiff Richard Garcia was
4  seated in 36E and stuck out his left arm which impacted the beverage cart.  Defendant
5  denies the remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint.

**FIRST CLAIM FOR RELIEF (Negligence Against Frontier)**

7       14.    Defendant hereby incorporates its responses to Paragraphs 1-13 of
8  Plaintiffs' Complaint as if set forth herein.
9       15.    Defendant admits that it owes Plaintiffs certain legal duties, but denies
10 that it breached any of those duties to Plaintiffs.
11      16.    Defendant denies the allegation contained in Paragraph
12 16(a)(b)(c)(d) of Plaintiffs' Complaint.
13      17.    Defendant denies the allegation contained in Paragraph 17 of
14 Plaintiffs' Complaint.

**SECOND CLAIM FOR RELIEF (Loss of Consortium for Plaintiff Jerilynn Garcia)**

16      18.    Defendant hereby incorporates its responses to Paragraphs 1-17 of
17 Plaintiffs' Complaint as if set forth herein.
18      19.    Defendant admits that it owes Plaintiffs certain legal duties, but denies
19 that it breached any of those duties to Plaintiffs.
20      20.    Defendant denies the allegation contained in Paragraph 20(a)(b)(c)(d)
21 of Plaintiffs' Complaint.
22      21.    Defendant denies the allegation contained in Paragraph
23 21(a)(b)(c)(d)(e)(f)(g)(h)(i)(j) of Plaintiffs' Complaint.
24      22.    Defendant denies the allegation contained in Paragraph 22 of
25 Plaintiffs' Complaint.
26      23.    Defendant denies each and every allegation contained in Plaintiffs'
27 Complaint not expressly admitted or otherwise addressed herein.
28

117535202.1

**AFFIRMATIVE DEFENSES**

1. As and for a separate defense, and in the alternative, Defendant alleges that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. As and for a separate defense, and in the alternative, Plaintiffs may have failed to take any action to mitigate their damages and, as a result, may have breached their duty to mitigate.

3. As and for a separate defense, and in the alternative, Defendant alleges that many of Plaintiffs' alleged injuries may have pre-existed the subject incident, which bars or reduces Plaintiffs' alleged damages.

4. As and for a separate defense, and in the alternative, Defendant alleges that Plaintiffs claimed medical damages are not reasonable expenses of necessary medical care, treatment, and services rendered, and reasonably probable to be incurred in the future.

5. As and for a separate defense and in the alternative, Defendant alleges that Plaintiffs may be contributorily negligent and/or any damages received by the Plaintiffs may be the result of an intervening/superseding cause or occurred as a result of the negligence of someone other than Defendant, all of which bars recovery to these Plaintiffs herein from Defendant.

6. As and for a separate defense, and in the alternative, Defendant alleges that the Plaintiffs may have been negligent, in whole or in part, thereby reducing or eliminating any damages owing by Defendant by way of comparative negligence.

7. As and for a separate defense, and in the alternative, Defendant alleges that the Plaintiffs assumed the risk of their injuries and damages, which may bar recovery or reduce recovery to the Plaintiffs herein from Defendant.

WHEREFORE, having fully answered the allegations of Plaintiffs' Complaint, Defendant prays that same be dismissed with prejudice, that Plaintiffs take nothing thereby, that Defendant be awarded its reasonable costs incurred herein, and for such other and further relief that this Court deems proper.

117535202.1

DATED this 18th day of September, 2024.

JONES, SKELTON & HOCHULI, P.L.C.


By /s/ Ryan J. McCarthy
Ryan J. McCarthy
Brian J. Ripple
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Frontier Airlines, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of September, 2024, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

J. Tyrell Taber
Gallagher & Kennedy, P.A.
1575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
Attorneys for Plaintiff


/s/ Mary Creed

5

117535202.1