J. Tyrrell Taber (005204)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8015
Facsimile: (602) 530-8500
Ty.Taber@gknet.com

Reid J. Lampert (54657)
*Pro Hac Vice to be applied for*
**KATZMAN LAMPERT & STOLL**
9596 Metro Airport Avenue
Broomfield, Colorado 80021
Telephone: (303) 465-3663
Fax: (303) 867-1565
RLampert@KLM-Law.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Garcia and Jerilynn Garcia,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Frontier Airlines, Inc., a Colorado corporation for profit,<br><br>　　　　　　　　　Defendant. | No. CV-24-02406-PHX-KML<br><br>**RULE 26(f) JOINT CASE MANAGEMENT REPORT** |

The above-named Parties, through undersigned counsel, hereby submit the following Rule 26(f) Joint Case Management Report, as follows:

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report:

1

| | |
|---|---|
| **J. Tyrrell Taber (005204)**<br>**GALLAGHER & KENNEDY, P.A.**<br>**and**<br>**Reid J. Lampert (54657)**<br>*Pro Hac Vice to be applied for*<br>**KATZMAN LAMPERT & STOLL**<br>*Attorneys for Plaintiffs* | **Ryan J. McCarthy, Bar #020571**<br>**Brian J. Ripple, Bar #033997**<br>**JONES, SKELTON & HOCHULI P.L.C.**<br>*Attorneys for Defendant* |

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes):

| | |
|---|---|
| **Plaintiffs Richard Garcia and Jerilynn Garcia** | **Defendant Frontier Airlines, Inc., a Colorado corporation for profit. Defendant Frontier Airlines is a parent, subsidiary or other affiliate of a publicly owned corporation as listed below:**<br>**1) Group Holdings – Frontier LLC (15.33%) Shareholder**<br>**2) Indigo Partners LLC (14.3%) Shareholder**<br>**3) Wildcat Capital Management LLC (12.5%) Shareholder**<br>**4) Ancient Art LP (3.35%) Shareholder** |

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared: **N/A; all parties have been served.**

4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings: **Not known at this time.**

5. The names of any parties not subject to the Court's personal (or *in rem*) jurisdiction: **Not known at this time.**

2

6. A description of the basis for the Court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332: **28 U.S.C. Section 1332. Defendant Frontier Airlines, Inc., is a Colorado domestic corporation for profit with a principle place of business located at 4545 Airport Way, Denver, Colorado 80239, and has an agent for service, The Prentice-Hall Corporation, located at 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021. The Court has subject matter jurisdiction over these claims in that the action of the Defendant which led to this crash, occurred on a flight from San Francisco, California to Phoenix, Arizona, County of Maricopa. Additionally, the Plaintiffs, Richard and Jerilynn Garcia, reside in Maricopa County, Arizona. The amount in dispute exceeds $75,000.**

7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense:

<u>**Plaintiffs:**</u>  **This is an aviation, personal injury case arising out of an incident aboard a frontier flight from San Francisco, California to Phoenix, Arizona. Plaintiffs were fair paying passengers aboard Frontier flight 2790. During the flight, regular food and beverage services were provided, during which a Frontier flight attendant failed to maintain control of the beverage cart, causing it to roll rapidly down the aisle. Mr. Garcia was seated in an aisle seat and was struck by the beverage cart on his left arm and elbow.**

**Plaintiffs claim negligence against Defendant Frontier. Defendant, as a common carrier, owed Plaintiffs the highest standard of care in performing all services provided during the flight. Defendant's negligent conduct was the proximate cause of this incident and the injuries and damages suffered by the Plaintiffs as set forth in their Complaint. Plaintiffs also claim that Defendant's negligent conduct was also the proximate cause of Plaintiff Jerilynn Garcia's loss of consortium, as set forth in Plaintiffs' Complaint.**

**Defendant: This claim arises out of an incident involving a beverage cart during the landing of a Frontier flight from San Francisco to Phoenix on August 1, 2022, at around 4:30 pm. During the flight, a cart became unsecured and it began to move down the aisle before it was stopped by Plaintiff Richard Garcia with his left arm who was seated in 36E.**

**Discovery has yet to begin and Defendant Frontier is unaware of Plaintiffs' specific injuries or claimed damages. Defendant Frontier alleges that Plaintiffs may have failed to mitigate their damages, their alleged injuries may be pre-existing, their claimed medical damages or possible future medical damages may not have been reasonable or necessary, Plaintiffs may have been comparatively at fault or assumed the risk of their injuries, Plaintiffs damages may be the result of a non-party or intervening/superseding cause, and Plaintiffs have the burden to prove any lost wages.**

8. A listing of contemplated motions and a statement of the issues to be decided by those motions: At this time, the parties do not contemplate any motions.

9. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference: **The parties do not consent to reassignment to a United States Magistrate Judge.**

10. The status of any related cases pending before this or other courts: **None.**

11. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced:

**Plaintiffs anticipate needing to obtain ESI, but minimal in content and costs; search terms: incident reports, CVR, DFDR, maintenance records, witness statements.**

12. A discussion of any issues relating to claims of privilege or work product: **The parties do not currently have any issues relating to claims of privilege or work product.**

13. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

   a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case: **Parties intend discovery to include depositions of flight crew, deposition of Plaintiffs, Plaintiffs' medical records, documentation from Defendant regarding this event, and Defendants standard operation procedures. The location of the discovery will likely be in either Colorado, Arizona, or produced digitally. This is proportional to this case as Plaintiffs' claims exceeds $75,000 and other than the depositions, all discovery can be produced digitally.**

   b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:  **None.**

   c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses:  **The Parties have no suggested changes to the presumptive limits set forth by the Federal Rules of Civil Procedure.**

14. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the Court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline: **Monday, July 7, 2025**

b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any:

   **Parties to Disclose Initial Expert Disclosures:**

       **Plaintiff: Monday, April 7, 2025**

       **Defendant:  Monday, May 5, 2025**

   **Parties to serve Rebuttal Expert Disclosures: Monday, June 2, 2025.**

c. A deadline for completion of all expert depositions: **Monday, July 7, 2025.**

d. A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case: **Monday, April 6, 2025.**

e. A deadline for filing dispositive motions: **Thursday, August 7, 2025.**

f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing: **N/A**

g. A date by which the parties shall have engaged in face-to-face good faith settlement talks: **Monday, June 9, 2025**

h. Whether a jury trial has been requested and whether the request for a jury trial is contested, setting for the reasons if the request is contested: **Both Plaintiffs and Defendant have demanded a jury trial.**

i. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1: **None at this time**

15. A statement indicating whether the parties would prefer that the Court hold a case management conference before issuing a scheduling order - and, if so, an explanation of why the conference would be helpful: **The Parties are working together cordially and waive the need for a case management conference.**

DATED this 16th day of October, 2024.

KATZMAN LAMPERT & STOLL, PLLC

*s/ Reid J. Lampert*
Reid J. Lampert
*Via Pro Hac Vice*
9596 Metro Airport Avenue
Broomfield, Colorado 80021

and

GALLAGHER & KENNEDY, P.A.

*s/ J. Tyrrell Taber*
J. Tyrrell Taber
2575 East Camelback Road, Suite 1100
Phoenix, Arizona 85016

*Attorneys for Plaintiffs*


*s/ Brian Ripple*
Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700 Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com  bripple@jshfirm.com

*Attorneys for Defendant Frontier Airlines, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2024, I caused the foregoing document to be filed electronically with the Clerk of the Court through CM/ECF system for filing; and served on counsel of record via the Court's CM/ECF system:

Ryan J. McCarthy, Bar #020571
Brian J. Ripple, Bar #033997
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1783
Fax: (602) 200-7878
rmccarthy@jshfirm.com
bripple@jshfirm.com
*Attorneys for Defendant Frontier Airlines, Inc.*

                                *s/ Reid J. Lampert*
                                Reid J. Lampert